### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**LINDSAY CASPERSON**                                                  **PLAINTIFF**

**VS.**                             **CIVIL ACTION NO.**   3:20-cv-73-TSL-RHW

**MISSISSIPPI FAIR COMMISSION;**
**NORTH AMERICAN MIDWAY ENTERTAINMENT, LLC;**
**AND JOHN and JANE DOE 1-10;**                            **DEFENDANTS**

### NOTICE OF REMOVAL

The defendant, North American Midway Entertainment, LLC, (hereinafter "NAME, LLC") appears for the purpose of presenting this Notice of Removal of the cause described below from the First Judicial District of the Circuit Court of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and states as follows:

**I. JURISDICTION AND VENUE**

1. The above-styled action was originally commenced by the plaintiff, Lindsay Casperson, on November 21, 2019, by the filing of a Complaint in the Circuit Court of Hinds County, Mississippi (First Judicial District) styled *Lindsay Casperson v. Mississippi Fair Commission, et al.*, bearing Cause No. 19-784.   (Exhibit 1, Circuit Court Pleadings).

2. This Court has jurisdiction over this matter, and this matter is properly removed to this Court, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446.

3. The United States District Court for the Southern District of Mississippi, Northern Division, is the proper venue for this matter since the matter is removed from the Circuit Court of Hinds County, Mississippi.

4. Thirty (30) days or less, as calculated under applicable law, have elapsed since the removing Defendants were served with process in this matter, and this removal has been accomplished within one (1) year after commencement of the action so as to be timely within the provisions of 28 U.S.C. § 1446 (b).

## II. DIVERSITY OF CITIZENSHIP JURISDICTION

5. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, since the proper parties to this matter are of entirely diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. PARTIES

6. At the time of the filing of the Complaint and at all times pertinent to this removal, the plaintiff was a citizen of Davis County, Kaysville, Utah.

7. At the time of the filing of the Complaint and at all times pertinent to this removal, the defendant, NAME, LLC was (and is) a limited liability company, none of whose member(s) are citizens of Mississippi. See *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008) (the citizenship of an LLC is determined by looking at the citizenship of its members). NAME, LLC is a Delaware Limited Liability Company that is owned 100% by the Heartland Group, LLC, which is also a Delaware Limited Liability Company. Heartland Group, LLC is owned 100% by Heartland North American Fairs, LLC, which is also a Delaware Limited Liability Company. Heartland North American Fairs, LLC has only one member,

Danny Huston, who is a resident of Farmland, Indiana and whose address is 109 S. Main Street, Farmland, Indiana 47340.   The actual North American entity who was operating the slide that is the subject of the plaintiff's Complaint was North American Midway Entertainment - Shows South, LLC, which is a Delaware Limited Liability Company and whose sole member is Danny Huston.   (See Exhibit 2, State Fair Contract,[1] Exhibit 3; Secretary of State 2019 Annual Report).

8.     As shown below, the plaintiff has no possible basis for recovery against the defendant, Mississippi Fair Commission, based on its discretionary function immunity found at *Miss. Code Ann.* § 11-46-9(d) and, as such, the Commission has been improperly joined in this action solely for the purpose of impermissibly defeating diversity of citizenship jurisdiction. Accordingly, the defendant, Mississippi Fair Commission's, citizenship must be disregarded for purposes of determining diversity of citizenship jurisdiction under 28 U.S.C. §1441.

9.     The defendant, Mississippi Fair Commission, although improperly joined such that its consent is not required for removal, has been served with process is hereby consenting to and joining in this removal without waiver of any defenses available to it in this matter.

10.    The still remaining purported "defendants" John and Jane Doe 1-10 who are unidentified and merely named in the Complaint as "John and Jane Doe 1-10" have no legal presence in this civil suit for purposes of determining diversity of citizenship jurisdiction since these unidentified defendants are not legally and properly named.   Accordingly, the "John and

---

[1] While the actual NAME LLC defendant is identified in the State Fair Contract, the Contract incorrectly identities that LLC as "a Mississippi corporation," which it is not.

Jane Doe 1-10" defendants must be disregarded for purposes of determining diversity of citizenship under 28 U.S.C. § 1441.

### B.  IMPROPER JOINDER OF DEFENDANT MISSISSIPPI FAIR COMMISSION

11. In her Complaint, the plaintiff alleges that the Fair Commission committed various negligent acts, including, but not limited to, failing to supervise its employees in the operation of the slide in question and failure to maintain the slide to prevent harm to invitees. (Exhibit 1, Complaint at ¶¶ 16-23).

12. These allegations against the Fair Commission misstate the actual, undisputed facts that are necessary to determine the issue of improper joinder of the Commission and to allow this Court to "pierce the pleadings and conduct a summary judgment inquiry." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573-74 (5th Cir. 2004) (citation omitted). Specifically, under the contract the Fair Commission entered into with a subsidiary of NAME, LLC, the Fair Commission delegated all responsibilities involving the slide, which was owned by that NAME, LLC subsidiary, to this subsidiary, including the exclusive operation of the slide, the hiring and paying of all employees who operated the slide, the occupation of the areas around the slide, the selling of tickets for the slide, the maintenance and upkeep of the slide, the compliance with all ordinances and safety codes regarding the slide, the payment of all ad valorem taxes on the property on which the slide is located, and the safety of the slide while the Mississippi Fair is not in operation. (Exhibit 2, Sections 1, 2, 7, 10, 31). Further, the subsidiary of NAME, LLC, agreed that it was an independent contractor and at no time would act as an agent of the Fair Commission. (Exhibit 2, Section 27).

13. The decision by the Fair Commission to delegate all operations of the slide to the NAME, LLC subsidiary was a discretionary function, thereby allowing it to claim immunity from suit under § 11-46-9(d). *See Wilcher v. Lincoln County Board of Supervisors and City of Brookhaven, Mississippi,* 243 So.3d 177, 187 (Miss. 2018) (discretionary function immunity determined by application of a two-part, public-policy function test). Under this two-part test, a court "first must ascertain whether the activity in question involved an element of choice or judgment." *Id.* at 187 (quoting *Miss. Transp. Comm'n v. Montgomery,* 80 So.3d 789, 795 (Miss. 2012)). "If so, [a] Court also must decide whether that choice or judgment involved social, economic, or political-policy considerations." *Id.*

14. The undisputed facts show that the Commission did not participate in any way with the operation of the slide. Instead, it chose to place exclusive responsibility for this operation to an independent contractor. Further, it did so for economic reasons as is evident from the language of the contract in question. Therefore, there is no possibility of the plaintiff's recovering any damages from the Commission due to its discretionary function immunity. *See, e.g., Glover By and Through Glover v. Donnell,* 878 F. Supp. 898, 902 (S.D., Miss. 1995) (Activity Director of summer youth program at Jackson State University was entitled to qualified immunity, therefore making him an improperly joined non-diverse defendant upon removal).

15. Accordingly, the citizenship of the Mississippi Fair Commission should be disregarded. Consequently, complete diversity of citizenship thereby existed at the time of the filing of the Complaint and at all times pertinent to this removal between the plaintiff and the defendant, NAME, LLC, the only properly named defendant in this matter.

## C.     AMOUNT IN CONTROVERSY

16. Based on a pre-suit Notice of Claim the plaintiff served on the Mississippi Fair Commission Plaintiff's Complaint, the amount in controversy in this action exceeds $75,000.00, exclusive of costs and interest. (Exhibit 4, Notice of Claim). Specifically, the plaintiff states that she "is seeking up to the $500,000 statutory limit of liability under § 11-46-15(c)" of the Mississippi Tort Claims Act. This admission by the plaintiff is sufficient to satisfy the amount in controversy required for removal. *See, e.g., Wilson v. Belin,* 20 F.3d 644, 651, n. 8 (5th Cir. 1994) (letter sent to defendants stating that the amount in controversy exceeded jurisdictional amount for removal made it "'apparent' that removal was proper.") (quoting *Marcel v. Pool Co.,* 5 F3d 81, 84 (5th Cir. 1993)).

17. Further, the plaintiff's description of the nature and extent of her injuries in her Complaint makes it "facially apparent" that her claims satisfy the amount in controversy. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1993) (citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993)). First, she states in ¶¶13 and 14 of her Complaint that she was diagnosed immediately after her October 5, 2018, incident with a bulging disc at L5-S1, and that she has been receiving treatment for this injury for over a year. Second, she states that she is seeking economic damages, which will certainly include medical bills, and compensatory damages for emotional and mental anguish. The plaintiff's description of her injuries and damages in her Complaint, therefore, also supports the conclusion that she is seeking $75,000.00, exclusive of costs and interest from NAME, LLC.

18. Accordingly, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 since it is a civil action between citizens of different states with the

amount in controversy in excess of $75.000.00, exclusive of costs and interest, and this action is thereby be removed to this Court pursuant to 28 U.S.C. § 1441.

### III. CONCLUSION

19. A copy of all pleadings previously filed in the Circuit Court of Hinds County and served on the removing Defendants are attached hereto as Exhibit 1 to this pleading.

20. A civil cover sheet for this removal is attached as Exhibit 5.

21. Pursuant to 28 U.S.C.§ 1446, the plaintiff, through counsel, is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Hinds County, Mississippi.

22. Pursuant to this removal and the clear provisions of 28 U.S.C. § 1446, there should be no further proceedings in the First Judicial District of the Circuit Court of Hinds County, Mississippi.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, the defendant, North American Midway Entertainment, LLC, requests this Court to properly assume full jurisdiction over this matter as provided by law.

This the 5th day of February, 2020.

            Respectfully submitted,

            **NORTH AMERICAN MIDWAY ENTERTAINMENT, LLC, DEFENDANT**

        By:   */s/ Rebecca B. Cowan*
            REBECCA B. COWAN (MSB # 7735)
            EDWARD J. CURRIE, JR. (MSB #5546)

OF COUNSEL:

CURRIE, JOHNSON & MYERS, P.A.
1044 River Oaks Drive
P.O. Box 750
Jackson, MS 39205-0750
Telephone: (601) 969-1010
Facsimile: (601) 969-5120
bcowan@curriejohnson.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and foregoing instrument by causing a copy of same to be mailed, postage prepaid, to the following:

Ray L. Gustavis, Esq.
Rogen K. Chhabra, Esq.
Darryl M. Gibbs, Esq.
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, MS 39201
*Counsel for Plaintiff*

The Honorable Zack Wallace
Circuit Clerk of Hinds County
Post Office Box 327
Jackson, MS 39205

The Honorable Tomie T. Green
Circuit Court Judge
Post Office Box 327
Jackson, MS 39205

THIS, the 5th day of February, 2020.

                                                           */s/ Rebecca B. Cowan*
                                                           Rebecca B. Cowan